**No. 19-35460**
**(Consolidated with Nos. 19-35461 and 19-35462)**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LEAGUE OF CONSERVATION VOTERS, et al.,

*Plaintiffs/Appellees*,

v.

JOSEPH R. BIDEN, in his official capacity
as President of the United States, et al.,

*Defendant/Appellant*,

v.

AMERICAN PETROLEUM INSTITUTE and STATE OF ALASKA,

*Intervenors/Defendants/Appellants*.

_____

Appeal from U.S. District Court, District of Alaska, Anchorage
Honorable Sharon L. Gleason
No. 3:17-cv-00101

## STATE OF ALASKA'S SUPPLEMENTAL BRIEF

TREG R. TAYLOR
ATTORNEY GENERAL
Laura Fox
Mark D. Tyler
*Assistant Attorneys General*
1031 W. 4th Ave, Ste. 200
(907) 269-5275
laura.fox@alaska.gov
*Attorneys for the Intervenor/State of Alaska*

March 15, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

I.      This appeal is moot. ....................................................................................... 1

II.     The Court should vacate the judgment below under *Munsingwear*. ................ 2

CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Alvarez v. Smith*, 558 U.S. 87 (2009) ........................................................................3

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) .............................2,3

*Camreta v. Greene*, 563 U.S. 692 (2011) ................................................................3,4

*Garcia v. Lawn*, 805 F.2d 1400 (9th Cir. 1986) .........................................................1

*NASD Dispute Resolution, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065 (9th Cir. 2007) .................................................................................................................2,3

*Publ. Util. Comm'n v. F.E.R.C.*, 100 F.3d 1451 (9th Cir. 1996) ................................3

*Trump v. Citizens for Responsibility and Ethics in Washington*, No. 20-330, 2021 WL 231541 (U.S. Jan. 25, 2021) ................................................................................5

*Trump v. District of Columbia*, No. 20-331, 2021 WL 231542 (U.S. Jan. 25, 2021) ....................................................................................................................................5

*Trump v. Hawaii*, 138 S. Ct. 377 (2017) ....................................................................5

*Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) .........................................5

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994) ................4,5,6

*United States v. Munsingwear*, 340 U.S. 36 (1950) ........................................1,2,3,4,5

*Wyoming v. U.S. Dep't of Agr.*, 414 F.3d 1207 (10th Cir. 2005) ..............................4

**EXECUTIVE ORDERS**

Executive Order No. 13795 ................................................................................1,2,3,4

## INTRODUCTION

On January 20, 2021, President Biden issued an Executive Order revoking President Trump's Executive Order No. 13795. Although this moots the controversy over the validity of Executive Order No. 13795, the Court should not simply let the district court's decision stand. Instead, the Court should vacate that decision under the *Munsingwear* doctrine because the State of Alaska—having been deprived of appellate review on the merits through no action of its own—should not be forced to acquiesce in the adverse judgment.

## ARGUMENT

**I.    This appeal is moot.**

The State of Alaska's position throughout this litigation has been that an incoming president has the power to alter a predecessor's decisions about what unleased areas should (or should not) be withdrawn from leasing under Section 12(a) of the Outer Continental Shelf Lands Act (OCSLA). That is what President Trump did when he issued Executive Order No. 13795 reopening certain areas for leasing. And that is what President Biden has now done by reversing course.

An appeal becomes moot when intervening events prevent the appellate court from granting any effective relief even if the dispute is decided in the appellant's favor. *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986). Before

1

President Biden took action, reversing the district court's decision would have provided effective relief to the State of Alaska by validating Executive Order No. 13795 and confirming that the areas off Alaska's shores that President Trump reopened for leasing under OCSLA would indeed be available. But now that President Biden has revoked Executive Order No. 13795 and reinstated President Obama's withdrawal of those areas, the Court can no longer provide this relief. The Court cannot revive President Trump's Executive Order No. 13795 even if it agrees that the order was valid. There is no effective relief the Court can offer the State of Alaska beyond bare vindication of its legal arguments. The controversy over the validity of Executive Order No. 13795 has therefore become moot.

**II. The Court should vacate the judgment below under *Munsingwear*.**

Although this appeal has become moot, the State of Alaska maintains its position that the district court's decision was wrong. And the issues the district court decided could easily arise again if a future president again modifies a predecessor's OCSLA withdrawals. The unreviewable district court decision on these issues should not govern future cases—instead, the Court must vacate it.

Under the *Munsingwear* doctrine, "[w]hen a case becomes moot on appeal, the 'established practice' is to reverse or vacate the decision below with a direction to dismiss." *NASD Dispute Resolution, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting *Arizonans for Official English v. Arizona*,

520 U.S. 43, 71 (1997)). This approach " 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which ... was only preliminary.' " *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (quoting *United States v. Munsingwear*, 340 U.S. 36, 40 (1950)). "The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences.'" *Camreta v. Greene*, 563 U.S. 692, 713 (2011). Vacatur "is generally 'automatic' in the Ninth Circuit when a case becomes moot on appeal," *NASD*, 488 F.3d at 1068 (quoting *Publ. Util. Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1461 (9th Cir. 1996)), with the exception that equity may counsel against vacatur in situations where "the party seeking relief from the judgment below caused the mootness by voluntary action," such as by settling the case while the appeal is pending. *See id.* at 1069.

Although President Biden—who has now been automatically substituted for President Trump as the defendant-appellant—caused the mootness by revoking Executive Order No. 13795, that action had nothing to do with this litigation and, more importantly, it does not preclude vacatur at *the State of Alaska's* request. The State was also a party and also appealed from the district court decision, and it had no role in mooting this appeal. The Court should not deny the State its "equitable entitlement to vacatur," *NASD*, 488 F.3d at 1069, based on actions which are wholly beyond its control (and which it opposes). The State did everything it could

3

to preserve its right to review on the merits. The State would have preferred if Executive Order No. 13795 had remained in place, which would have kept this controversy live. But the State's appeal has been frustrated by circumstance and the State "ought not in fairness be forced to acquiesce in the judgment." *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). The State has "been prevented from obtaining the review to which [it is] entitled" and should not be "treated as if there had been a review." *Camreta*, 563 U.S. at 712 (quoting *Munsingwear*, 340 U.S. at 39). Denying vacatur here—where President Biden's unilateral action mooted the State's appeal—would be just as unfair to the State as it would be if the plaintiffs had unilaterally mooted the State's appeal.

Under similar circumstances, when an intervenor-defendant's appeal was mooted by the federal defendant's adoption of new regulations, the Tenth Circuit vacated a lower court judgment at the intervenor-defendant's request. *Wyoming v. U.S. Dep't of Agr.*, 414 F.3d 1207, 1213 (10th Cir. 2005). The court explained that the party that mooted the case—the Forest Service—was not the one seeking relief, that it was "not a case in which a litigant is attempting to manipulate the courts to obtain the relief it was not able to win in the judicial system," and that "the orderly operation of the appellate system [was] not being frustrated." *Id*. For similar reasons, equity favors vacatur at the State of Alaska's request here.

4

The Court must also "take account of the public interest" when considering *Munsingwear* vacatur, *U.S. Bancorp*, 513 U.S. at 26, and it would not be in the public interest to allow a new president's about-face in executive branch policy to effectively solidify a district court's unreviewed preliminary ruling against a predecessor's very different policies. Such an outcome would be particularly inappropriate here, where the entire merits controversy is about the extent to which a new president can modify a prior president's decisions.

The U.S. Supreme Court has applied *Munsingwear* vacatur in other cases about actions of President Trump that have become moot pending review. For example, when portions of an executive order temporarily limiting travel to the U.S. from certain countries expired, the Court vacated two court of appeals decisions in lawsuits challenging those provisions. *Trump v. Hawaii*, 138 S. Ct. 377 (2017*); Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017). And after President Trump left office, the Court vacated two court of appeals decisions in lawsuits alleging emoluments clause claims against him. *Trump v. Citizens for Responsibility and Ethics in Washington*, No. 20-330, 2021 WL 231541, at *1 (U.S. Jan. 25, 2021); *Trump v. District of Columbia*, No. 20-331, 2021 WL 231542 (U.S. Jan. 25, 2021). The Court may soon apply *Munsingwear* in more such cases.

5

This Court should likewise vacate the district court's unreviewable decision in this case rather than forcing the State of Alaska to "acquiesce in the judgment" that it cannot have reviewed. *See U.S. Bancorp*, 513 U.S. at 25.

## CONCLUSION

For these reasons, the Court should vacate the judgment of the district court and remand with a direction to dismiss this case as moot.

Date: March 15, 2021.

>TREG R. TAYLOR
>ATTORNEY GENERAL
>
>*/s/ Laura Fox*
>Laura Fox
>Mark D. Tyler
>
>*Attorneys for Appellant/Intervenor/Defendant State of Alaska*

6

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)**     No. 19-35460

I am the attorney or self-represented party.

**This brief contains 1915 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated January 27, 2021 (Case No. 19-35460, Dkt. Entry 82).

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Laura Fox*     **Date** February 11, 2021.
*(use "s/[typed name]" to sign electronically-filed documents)*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: March 15, 2021.

                                        TREG R. TAYLOR
                                        ATTORNEY GENERAL

                                        */s/ Laura Fox*
                                        Laura Fox
                                        Mark D. Tyler

                                        *Attorneys for Appellant/Intervenor/Defendant State of Alaska*