# No. 19-35460
# (Consolidated with Nos. 19-35461 and 19-35462)

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

LEAGUE OF CONSERVATION VOTERS, *et al.*,

*Plaintiffs-Appellees,*

v.

JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*,

*Defendants-Appellants.*

---

On Appeal from the U.S. District Court for the District of Alaska
No. 3:17-cv-00101 (Hon. Sharon L. Gleason)

---

## SUPPLEMENTAL RESPONSE BRIEF FOR PLAINTIFFS-APPELLEES LEAGUE OF CONSERVATION VOTERS ET AL.

---

Erik Grafe
Earthjustice
441 West 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.792.7102
E: egrafe@earthjustice.org

Eric P. Jorgensen
Earthjustice
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

Nathaniel S.W. Lawrence
Natural Resources Defense Council
3723 Holiday Drive, SE
Olympia, WA 98501
T: 360.534.9900
E: nlawrence@nrdc.org

Katherine Desormeau
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
T: 415.875.6100
E: kdesormeau@nrdc.org

*Counsel for Plaintiffs-Appellees
League of Conservation Voters, et al.*

*Additional counsel for Plaintiffs-Appellees League of Conservation Voters, et al.*:

Nancy S. Marks
Natural Resources Defense Council
40 West 20th Street, 11th Floor
New York, NY 10011
T: 212.727.2700
E: nmarks@nrdc.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PLAINTIFFS-APPELLEES' SUPPLEMENTAL RESPONSE .............................1

I.    All parties agree the appeals are moot. ...........................................................1

II.    The League does not oppose vacatur under *Munsingwear*. ...........................2

CERTIFICATE OF COMPLIANCE ......................................................................5

i

# TABLE OF AUTHORITIES

## Cases

*Azar v. Garza*,
　　138 S. Ct. 1790 (2018)..................................................................................2

*Calderon v. Moore*,
　　518 U.S. 149 (1996) (per curiam).................................................................1

*Cammermeyer v. Perry*,
　　97 F.3d 1235 (9th Cir. 1996) ..................................................................... 2-3

*Dilley v. Gunn*,
　　64 F.3d 1365 (9th Cir. 1995) ........................................................................2

*EEOC v. Fed. Express Corp.*,
　　558 F.3d 842 (9th Cir. 2009) ........................................................................1

*Mayfield v. Dalton*,
　　109 F.3d 1423 (9th Cir. 1997) ......................................................................2

*NASD Disp. Resol., Inc. v. Jud. Council of Cal.*,
　　488 F.3d 1065 (9th Cir. 2007) ...................................................................2, 3

*United States v. Munsingwear, Inc.*,
　　340 U.S. 36 (1950).........................................................................................2

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
　　513 U.S. 18 (1994).....................................................................................2, 3

## PLAINTIFFS-APPELLEES' SUPPLEMENTAL RESPONSE

Pursuant to the Court's Order of January 27, 2021, Plaintiffs-Appellees League of Conservation Voters, et al. (collectively, "the League") respectfully submit the following response to the parties' supplemental briefs on mootness, filed on March 15, 2021.

**I.       All parties agree the appeals are moot.**

All parties agree that "the appeals are moot." Fed. Appellees' Supp. Br. 4; *accord* League Supp. Br. 1, 2; Alaska Supp. Br. 1; API Supp. Br. 3-4. That is because, as a result of President Biden's Order, "the withdrawals by President Obama are valid and in effect" regardless of the outcome of these appeals. Fed. Appellants' Supp. Br. 6. President Trump's Order "is now a dead letter" and could not be judicially reinstated even if this Court were to agree with Appellants on the merits. *Id*. at 5.

For this reason, this Court "cannot grant any effectual relief whatever in favor of the appellant[s]," and the appeals must be dismissed. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quotation marks omitted); *see also EEOC v. Fed. Express Corp.*, 558 F.3d 842, 846-47 (9th Cir. 2009) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor."

(quotation marks and citation omitted)); *NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (similar).

## II. The League does not oppose vacatur under *Munsingwear*.

In the circumstances of these appeals, the League does not oppose vacatur, but we respond briefly to clarify the applicable legal standard. Vacatur under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), is "not always appropriate when a case becomes moot on appeal." *NASD Disp. Resol.*, 488 F.3d at 1068. Rather, the parties seeking vacatur of a lower court decision bear the "burden" of demonstrating an "equitable entitlement" to that remedy. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); *see also Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (because *Munsingwear* vacatur is a practice "rooted in equity, the decision whether to vacate turns on "the conditions and circumstances of the particular case"). In evaluating a request for vacatur, accordingly, the Court must consider the "pivotal question" of causation. *Mayfield v. Dalton*, 109 F.3d 1423, 1427 (9th Cir. 1997).

Here, the Government mooted these appeals by its own voluntary action. *See supra* p. 1. In this Circuit, "when an appellant renders his appeal moot by his own act, our established procedure is *not* to vacate the district court's decision automatically." *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) (emphasis added); *see also, e.g.*, *Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir. 1996)

2

(declining government appellants' request for vacatur where "it was [appellants] who rendered this case moot by . . . replacing the challenged regulation"). The Government's request for vacatur therefore should carry no weight in the Court's analysis.

As to Intervenor-Appellants, the mooting event here was effectively "happenstance." *Bancorp*, 513 U.S. at 25; *see* Alaska Supp. Br. 3-4; API Supp. Br. 6. For that reason—and because the district court's well-reasoned decisions "will still be available and will still be citable for [their] persuasive weight" in future litigation, if any should occur, *NASD Disp. Resol.*, 488 F.3d at 1069—the League does not oppose *Munsingwear* vacatur here.

\*   \*   \*

Because all parties agree that the Arctic and Atlantic withdrawals "are valid and in effect" regardless of the outcome of these appeals, Fed. Appellants' Supp. Br. 6, the appeals should be dismissed as moot.

March 29, 2021                     Respectfully submitted,

                                   */s/ Katherine Desormeau*
                                   Katherine Desormeau
Erik Grafe                         Natural Resources Defense Council
Earthjustice
441 West 5th Avenue, Suite 301     111 Sutter Street, 21st Floor
Anchorage, AK 99501                San Francisco, CA 94104
T: 907.792.7102                    T: 415.875.6100
E: egrafe@earthjustice.org         E: kdesormeau@nrdc.org

3

Eric P. Jorgensen
Earthjustice
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

Nathaniel S.W. Lawrence
Natural Resources Defense Council
3723 Holiday Drive, SE
Olympia, WA 98501
T: 360.534.9900
E: nlawrence@nrdc.org

Nancy S. Marks
Natural Resources Defense Council
40 West 20th Street, 11th Floor
New York, NY 10011
T: 212.727.2700
E: nmarks@nrdc.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the ten-page length limit set by the Court's Order dated January 27, 2021. The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

March 29, 2021  /s/ *Katherine Desormeau*
Katherine Desormeau